IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VOTEAMERICA and VOTER PARTICIPATION CENTER,<br><br>     Plaintiffs,<br><br>  v.<br><br>SCOTT SCHWAB, in his official capacity as Secretary of State of the State of Kansas; DEREK SCHMIDT, in his official capacity as Attorney General of the State of Kansas; STEPHEN M. HOWE, in his official capacity as District Attorney of Johnson County,<br><br>     Defendants. | Civil Action No. 2:21-CV-2253 |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs VoteAmerica and Voter Participation Center respectfully move the Court for a preliminary injunction against Defendants Scott Schwab, in his official capacity as Secretary of State of the State of Kansas, Derek Schmidt, in his official capacity as Attorney General of the State of Kansas, and Stephen M. Howe, in his official capacity as District Attorney of Johnson County. Plaintiffs seek a preliminary injunction to enjoin Defendants from enforcing two unconstitutional provisions of HB 2332: (i) Section 3(*l*)(1) (to be codified at Kan. Stat. Ann. § 25-1122) (the "Out-of-State Distributor Ban"), which bars any person or organization not resident or domiciled in Kansas from mailing or causing to be mailed an advance mail ballot application to a Kansas voter; and (ii) Section 3(k)(2) (to be codified at Kan. Stat. Ann. § 25-1122) (the "Personalized Application Prohibition"), which criminalizes

1

mailing advance mail ballot applications personalized with a voter's information (together, the "Ballot Application Restrictions"). In support thereof, Plaintiffs state as follows:

1. On May 3, 2021, the Kansas Legislature overrode Governor Kelly's veto to enact HB 2332.

2. On June 2, 2021, Plaintiffs filed a Complaint seeking inter alia to preliminarily and permanently enjoin Defendants from enforcing Section 3(*l*)(1) and Section 3(k)(2) of HB 2332.

3. As set forth in Plaintiffs' Memorandum of Law in Support of Their Motion for Preliminary Injunction, a preliminary injunction is necessary and appropriate because (1) Plaintiffs are substantially likely to prevail on the merits of their First and Fourteenth Amendment claims and Dormant Commerce Clause claims; (2) Plaintiffs will suffer irreparable injury absent an injunction; (3) the threatened injury to Plaintiffs outweighs whatever damage the injunction may cause to Defendants; and (4) the injunction is not adverse to the public interest.

4. Plaintiffs incorporate herein by reference Plaintiffs' Complaint, Plaintiffs' Memorandum of Law in Support of Their Motion for Preliminary Injunction, and all exhibits attached to their Memorandum of Law in Support of Their Motion for Preliminary Injunction.

WHEREFORE, Plaintiffs respectfully request that this Court issue a preliminary injunction enjoining Defendants from enforcing the challenged provisions in HB 2332.

Date: July 8, 2021

By: /s/ *Mark P. Johnson*
    Mark P. Johnson

DENTONS US LLP
Mark P. Johnson KS Bar #22289, D. Kan. #22289
Wade Carr KS Bar #25105, D. Kan. #25105
4520 Main Street, Suite 1100
Kansas City, MO 64105
816/460-2400
816/531-7545 (fax)
mark.johnson@dentons.com
wade.carr@dentons.com

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Meredith D. Karp (*pro hac vice*)
Brooke Jarrett (*pro hac vice forthcoming*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
meredith.karp@stblaw.com
bonnie.jarrett@stblaw.com

CAMPAIGN LEGAL CENTER
Robert N. Weiner (*pro hac vice*)
Aseem Mulji* (*pro hac vice*)
Dana Paikowsky* (*pro hac vice*)
Hayden Johnson (*pro hac vice*)
Jade Ford** (*pro hac vice*)
Alice C.C. Huling (*pro hac vice*)
1101 14th Street, NW, St. 400
Washington, D.C. 20005
(212) 736-2000
RWeiner@campaignlegalcenter.org
AMulji@campaignlegalcenter.org
DPaikowsky@campaignlegalcenter.org
HJohnson@campaignlegalcenter.org
JFord@campaignlegalcenter.org
AHuling@campaignlegalcenter.org

* Licensed to practice in CA only; supervised by Robert N. Weiner, member of the D.C. Bar

\*\* Licensed to practice in NY only; supervised by Robert N. Weiner, member of the D.C. Bar

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that, on this 8th day of July 2021, I electronically filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                    */s/ Mark P. Johnson*

                                      Mark P. Johnson