IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VOTEAMERICA and VOTER PARTICIPATION CENTER, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| v. | ) ) | No. 21-2253-KHV |
| SCOTT SCHWAB, in his official capacity as Secretary of State of the State of Kansas; DEREK SCHMIDT, in his official capacity as Attorney General of the State of Kansas; and STEPHEN M. HOWE in his official capacity as District Attorney of Johnson County, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Unopposed Motion To File Under Seal (Doc. #143) filed October 14, 2022, Plaintiff Voter Participation Center's Unopposed Motion For Leave To File Under Seal Motion For Summary Judgment (Doc. #146) filed October 15, 2022 and Plaintiff's Motion For Leave To File Under Seal (Doc. #147) filed October 15, 2022. For reasons stated below, the Court overrules the three motions to seal.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest,

which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas,

656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public

access must show that some significant interest which favors non-disclosure outweighs the public

interest in access to court proceedings and documents.  See Colony Ins. Co. v. Burke, 698 F.3d

1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies

depriving the public of access to the records that inform the Court's decision-making process.  Id.;

see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

and specific facts, not merely "stereotyped and conclusory statements").

In support of their motions to seal, plaintiffs note that they marked a number of documents

"confidential" under the Protective Order (Doc. #65) filed January 18, 2022.  Defendants seek to

seal some 10,000 pages of documents in support of their motion for summary judgment.

Defendants note that counsel for plaintiffs requested that all documents and testimony designated

as confidential under the Protective Order (Doc. #65)—which represents all the testimony of

plaintiffs' witnesses and almost all documents that plaintiffs have produced in discovery—be filed

under seal.  The fact that a party designated documents "confidential" under the protective order

does not in itself provide sufficient reason to seal.  Carfusion 213, LLC v. Prof'l Disposables, Inc.,

No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The protective order states

that "[n]othing in this Order will be construed as a prior directive to allow any document to be

filed under seal."  Protective Order (Doc. #65) at 5; see id. at 8 (order does not constitute judicial

determination that any document or material designated as confidential is entitled to protection

until court may rule on specific document or issue).  The mere designation of information as

confidential is insufficient to satisfy the Court's requirements for filing under seal in light of the

public's qualified right of access to court dockets.  See Helm, 656 F.3d at 1292 (parties cannot

-2-

overcome presumption against sealing simply by showing records subject to protective order).

The parties have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public of access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  The parties have not explained why disclosure of such information would be harmful.  The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure. For these reasons, the Court overrules the motions to seal.

**IT IS THERFORE ORDERED** that Defendants' Unopposed Motion To File Under Seal (Doc. #143) filed October 14, 2022 is **OVERRULED**.

**IT IS FURTHERED ORDERED** that Plaintiff Voter Participation Center's Unopposed Motion For Leave To File Under Seal Motion For Summary Judgment (Doc. #146) filed October 15, 2022 is **OVERRULED**.

**IT IS FURTHERED ORDERED** that Plaintiff's Motion For Leave To File Under Seal (Doc. #147) filed October 15, 2022 is **OVERRULED**.

Dated this 26th day of October, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-3-